**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>Richard Dougglass Haskell,<br><br>　　　　　　Debtor | Chapter 13<br>Case No. 23-10155 |

### ORDER DENYING CONFIRMATION OF PLAN WITHOUT LEAVE TO FILE MODIFIED PLAN AND DISMISSING CASE

The debtor commenced this chapter 13 case on August 10, 2023. He did not list any creditors on Schedules D or E/F. [Dkt. No. 10]. He filed a plan that did not provide for any monthly payments to the trustee and did not specify a plan term. [Dkt. No. 11]. He did not file a notice of the confirmation hearing on his plan specifying a deadline for objections to confirmation, and he did not file a certificate of service showing any efforts to notify anyone of the initial confirmation hearing scheduled by the Court. At that initial confirmation hearing on October 26, 2023, the debtor stated that he does not have any creditors. He also stated that he filed this case in an effort to buy time to either cause the representative of his deceased father's estate to sell certain real estate to him, or to have that representative removed through litigation in the Probate Court. The automatic stay imposed at the outset of this case may benefit the debtor in his efforts to resist eviction from the real estate held by his father's estate. However, in a chapter 13 case, that stay exists to afford debtors breathing room to reorganize their financial affairs and propose a plan to pay their debts. The stay is not a freestanding benefit untethered from the overall purposes of the bankruptcy process. This debtor, by his own admission, does not need the relief that chapter 13 is designed to afford. His plan is not capable of being confirmed, and he has not articulated any reason why he should be afforded the opportunity to file a modified plan. Confirmation is therefore denied without leave to file a modified plan.

The trustee seeks dismissal of this case, alleging that the debtor did not attend the meeting of creditors, has not timely filed all tax returns required by 11 U.S.C. § 1308, has not filed a plan capable of being confirmed, and has not commenced making timely plan payments. [Dkt. No. 14]. The debtor filed an untimely objection to the motion, asserting (among other things) that he tried to connect to the telephonic meeting of creditors but that his call was not answered. [Dkt. No. 15]. The trustee and the debtor both appeared at a hearing on the motion to dismiss on October 26, 2023. After considering the parties' remarks at the hearing, the Court concludes that this case must be dismissed under 11 U.S.C. § 1307(c)(4) and (5) and 11 U.S.C. § 1307(e). The dismissal shall take effect on November 17, 2023.

Date: November 3, 2023

Michael A. Fagone
United States Bankruptcy Judge
District of Maine